25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jesse KENNEDY, Plaintiff-Appellant,
v.
The CITY OF DETROIT; Barbara Jean Kennedy; Stanley Knox,
Chief of Police; Bertha Parker; Christine Stopczniske;
Nicholas Ruffin; Richard D. Korn; Michael Kohn; David A.
Cucinella; Adelle Jones, Magistrate; Friend of Court
Division of Wayne County Circuit Court; Clif Levin; Kaye
Tertzag, Judge, Wayne County Circuit Court Judge; John
Lemere, Jointly & Severally, Defendants-Appellees.
 Nos. 93-2190, 93-2385.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1994.
 
 Before: JONES, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Jesse Kennedy, a pro se Michigan citizen, appeals district court orders and judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Defendants Barbara Kennedy and Richard Korn have filed a motion to strike arguments three and four from Kennedy's appellate brief in No. 93-2190. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Kennedy sued a group of defendants, including his wife, Detroit Police Officers, the City of Detroit, the Chief of Police of Detroit, and various officers of the Wayne County Circuit Court, claiming that the defendants conspired to violate Kennedy's constitutional rights. Specifically, Kennedy alleged that the defendants conspired to have Kennedy's minor children removed from his home without the benefit of a hearing and contrary to due process. He also alleged that the individual police officers made false reports regarding his physical abuse against Kennedy's wife, Barbara Kennedy. Kennedy's specific complaint against defendant Cucinella, a court reporter with the Wayne County Circuit Court, was that this defendant failed to provide Kennedy with a complete copy of his state court domestic relations hearing. His specific complaint against defendant Tertzag, a Wayne County Circuit Court Judge, was that this defendant entered orders which violated Kennedy civil rights. Kennedy also asserted state law claims for intentional infliction of emotional distress and for defamation. He sought only monetary relief.
 
 
 3
 Various orders and opinions, between May 25, 1993, and July 22, 1993, dismissed the state law claims, as well as several of the defendants (City of Detroit, Chief of Police Knox, Cucinella and Tertzag). Also on July 22, 1993, the court granted a motion to quash service of process filed by defendants Barbara Kennedy and Richard Korn.
 
 
 4
 In a memorandum opinion and order filed September 2, 1993, the district court granted a motion to dismiss filed by defendants Jones and Lemere after concluding that these defendants were entitled to judicial immunity. The court also granted a motion to dismiss filed by defendants Kohn and Levin after concluding that these defendants were entitled to qualified immunity.
 
 
 5
 In a separate memorandum opinion and order filed that same day, the court granted a motion to dismiss filed by defendants Parker, Stopczniske and Ruffin, after concluding that these defendants were also entitled to qualified immunity. Kennedy filed a notice of appeal from the September 2, 1993, orders on September 7, 1993 (Appeal No. 93-2190).
 
 
 6
 On October 19, 1993, the district court dismissed the remaining defendants (Barbara Kennedy and Richard Korn) pursuant to Fed.R.Civ.P. 4(j). Kennedy filed a notice of appeal from the October 19, 1993, judgment on October 26, 1993 (Appeal No. 93-2385). The cases have been consolidated on appeal.
 
 
 7
 Upon review, we affirm the district court's orders in Appeal No. 93-2190. Summary judgment was properly entered in favor of defendants Tertzag and Cucinella because there is no genuine issue as to any material fact and these defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). By virtue of not responding to defendants Tertzag's and Cucinella's motions for summary judgment, Kennedy has failed to set forth any facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In any event, defendant Tertzag is entitled to absolute judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 363 (1978).
 
 
 8
 Upon further review, we conclude that Kennedy's claims against defendants Jones, Lemere, Kohn, Levin, City of Detroit, Chief of Police Knox, Parker, Stopczniske and Ruffin were properly dismissed as Kennedy undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzmen (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993). The vague and conclusory allegations against defendants Jones, Lemere, Kohn and Levin are insufficient to withstand these defendants' 12(b)(6) motions to dismiss. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987).
 
 
 9
 In any event, defendants Jones and Lemere are entitled to absolute judicial immunity. See Butz v. Economou, 438 U.S. 478, 513-14 (1978). Moreover, the discretionary recommendations of the Friend of the Court officials fall well within the boundaries of reasonable activities for which qualified immunity applies. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). Likewise, responding to a 911 emergency call and filling out the required police reports are reasonable actions for which defendants Parker, Stopczniske and Ruffin have qualified immunity. Id. Lastly, regarding the claims against the City of Detroit and Chief of Police Knox, Kennedy failed to allege in his complaint an unconstitutional policy, practice or custom or inadequate training of government employees in order to hold these defendants liable for any unconstitutional conduct. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986); Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978); Garner v. Memphis Police Dep't, 8 F.3d 358, 363-64 (6th Cir.1993), cert. denied, 62 U.S.L.W. 3588 (U.S. Mar. 7, 1994) (No. 93-1142). Kennedy cannot now allege such a policy on appeal as he was obligated to assert the issue in the district court in the first instance. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991); White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 10
 We affirm the district court's judgment in Appeal No. 93-2385 for the reasons stated by the district court.
 
 
 11
 Accordingly, the motion to strike portions of Kennedy's brief is granted, and the district court's orders and judgment are affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.